**AFFIRMED; Opinion Filed August 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00717-CR

**FRANCISCO JAMES HURTADO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-81421-2012**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Appellant Francisco James Hurtado appeals from the judgment adjudicating him guilty of attempted murder. In his sole point of error, appellant contends that the evidence was insufficient to support the conviction for attempted murder. Finding no merit in appellant's argument, we affirm the trial court's judgment.

### I. BACKGROUND

Paul Key met Vicky Miller at a strip club and proposed within hours of first meeting her. He agreed to support her financially if she would quit her job and marry him. Miller accepted and the two began a relationship. Miller lived in an apartment with her two sons, appellant and Ronnie, as well as appellant's friend, Dunkan Boyce. Although Miller and Key had lived in separate residences, Key pushed Miller to let him move in with her in early November 2011.

After a few weeks, however, Key decided he needed to end the relationship with Miller and he moved back to his condominium. Key was in financial straits from supporting her and he realized that the relationship was never going to be successful. When Miller showed up at Key's condominium on November 21, 2011, Key agreed to ride back to her apartment to retrieve his belongings. Boyce was in Miller's car and rode back to the apartment with them.

Key testified that when he came back downstairs after gathering his belongings, appellant turned a video game on and raised the volume louder than normal. Key testified that Miller asked him to have a seat on the couch and that he suddenly felt an electrical cord being tightened around his neck. Key testified that he was able to pull the cord onto his chin so he could breathe and that he could see appellant standing in front of him. Key further testified that appellant grabbed a pillow and tried to suffocate him. Key eventually pushed appellant off of him but then appellant hit him in his right eye and knocked off his glasses. Key was also hit twice in the back of the head by someone else. Key then managed to flee the apartment with a bleeding head wound. Once outside, he stopped a woman driving by and asked her to call 911. Miller tried to get Key back inside but Key continued to yell for someone to call 911 and went to a nearby Dollar General for help. Key was then transported by ambulance to the hospital for treatment. The back of Key's scalp had to be stapled back together.

After Key left the apartment, Boyce also called 911. Boyce alleged in the call that Key had assaulted Miller and Key had been injured as a result of appellant defending his mother. Boyce testified at trial that Miller asked appellant to beat her up so that it would look like Key attacked her. Although Key was initially arrested for assaulting Miller, the charges were later dropped. Miller, Boyce, and appellant were arrested for the attempted murder of Key. The indictment alleged the following actions by appellant:

> then and there intentionally, with the specific intent to commit the offense of murder of Paul Key, do an act, to-wit: by placing an electrical cord around Paul Key's neck

–2–

and by placing a pillow over Paul Key's face and by striking Paul Key on the head with a pan, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended[.]

Appellant entered a plea of not guilty and a jury trial commenced on May 6, 2014. The jury found appellant guilty of attempted murder and assessed a punishment of ten years' confinement in prison and a $5,000 fine. Appellant then filed a notice of appeal.

## II. ANALYSIS

Appellant contends the evidence is insufficient to support a finding of guilt for the offense of attempted murder. When an appellant challenges the sufficiency of the evidence to support a conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id.* If the evidence is conflicting, we "'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to that determination." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).

A person commits the offense of murder if such person "intentionally or knowingly causes the death of an individual" or "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." TEX. PENAL CODE ANN. § 19.02(b)(1)-(2) (West 2011). An attempt to commit an offense occurs if, "with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." *Id.* at § 15.01(a) (West 2011).

Appellant argues that the State failed to present sufficient evidence at trial that appellant ever intended to cause Key's death. We disagree. Here, there is sufficient evidence of

appellant's intent from his actions, the testimony of Boyce regarding their plans, and appellant's confession to his friend, Justin Coltharp.

The victim himself testified that appellant was in the room when he felt an electrical cord being tightened around his neck. Key testified that he could see appellant standing in front of him while he was being strangled and that appellant did nothing to help him. Key further testified that appellant grabbed a pillow and tried to suffocate him. Key also noted that appellant hit him in his right eye and he may have hit him with a pan.

Boyce testified against appellant at trial. Boyce testified that he had pleaded guilty to the attempted murder of Key and was serving time in prison. Boyce testified that appellant was aware of the plan to kill Key and was a part of the plan. Boyce further testified that he put the cord around Key's neck to kill him. Boyce testified that appellant knew he was going to do that and was in the room when it happened. Boyce stated that appellant got a pillow and put it over Key's face. When Boyce's grip slipped on the cord, he testified that Miller took over pulling on the cord.

Detective Chris Jones testified at trial about his interview of Boyce. Detective Jones stated that Boyce told him Miller had devised a plan to murder Key. Boyce told Detective Jones that Miller asked for his assistance and that appellant was also going to help. During the interview, Boyce told the detective that they planned to take Key's body to Oklahoma to bury him.

Appellant's friend, Coltharp, testified at trial that Miller brought up on several occasions killing Key for his money. He testified that appellant came to see him while appellant was out on bond and told him that he, his mother, and Boyce had planned to kill Key on November 21, 2011. Appellant told Coltharp that when Miller screamed, they were supposed to run upstairs. Miller was supposed to smother Key with a pillow and appellant and Boyce were supposed to

–4–

strangle him with a cord. Coltharp testified that appellant said that they—appellant, Boyce and Miller—were trying to kill Key. When Key got away, however, Coltharp testified that appellant told him that appellant punched and kicked his mother so it would look like she struggled to get away from Key.

When considered in the light most favorable to the verdict, the facts in this case were sufficient to support a conviction of attempted murder. We overrule the sole issue.

### III. CONCLUSION

We resolve appellant's issue against him and affirm the trial court's judgment.


/ David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
140717F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

FRANCISCO JAMES HURTADO,
Appellant

No. 05-14-00717-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-81421-2012.
Opinion delivered by Justice Evans.
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 25th day of August, 2015.